UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABIGAYIL TAMARA,<br><br>Plaintiff,<br><br>v.<br><br>EL CAMINO HOSPITAL; DAVID DIGANT; and DOES 1-20, Inclusive,<br><br>Defendant. | Case No. C-12-01032-RMW<br><br>**ORDER GRANTING MOTION TO FILE AMENDED COMPLAINT**<br><br>[Re Docket No. 19] |

On December 21, 2012, plaintiff Abigayil Tamara filed a motion to amend her complaint to add factual allegations and drop a request for injunctive relief under Civil Code section 55, replacing it with a new cause of action under California Unfair Competition Law. Pl.'s Br. 2, Dkt. 19. Defendants, who have filed an answer to plaintiff's original complaint, have neither stipulated to the amendment nor filed an opposition to plaintiff's request. Def.'s Resp., Dkt. 11; Pl.'s Br. 2. The court will decide the issue without oral argument. N.D. Cal. Civ. R. 7-1(b). Having considered all written materials submitted, plaintiff's motion is GRANTED.

## I. DISCUSSION

### A. Legal Standard

Under Rule 15 of the Federal Rules of Civil Procedure, once an answer has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party. *See* Fed.R.Civ.P. 15(a). A court "should freely give leave [to amend] when justice so requires." *Id.* The United States Supreme Court has stated:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, futility of the amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted). Absent prejudice or a strong showing under one of the other *Foman* factors, "there exists a presumption under rule 15(a) in favor of granting leave to amend." *Id.*

### B. Analysis

Plaintiff, a person with disability, had alleged in her original complaint that defendants unlawfully prohibited her service dog from entry into the psychiatric ward of the hospital. Compl., Dkt. 1. The proposed First Amended Complaint (FAC) makes new allegations of physical barriers to access, limited to guest rooms only. Pl.'s Br. 3. In addition, the proposed FAC drops claims under Civil Code section 55 and replaces it with claims under California Business and Professions Code section 172000 *et seq.*, the Unfair Competition Law. Pl.'s Br. 4. Although defendants refused to stipulate, records indicate that they were informed of the proposed amendments as early as November 7, 2012. Decl. of Celia McGuiness, Dkt. 20. Furthermore, plaintiff contends that defendants will not be prejudiced by the amendment and that it will not cause undue delay. Pl.'s Br. 6.

Because defendants have not filed an opposition to plaintiff's motion, the court's decision is based on its review of the pleadings and docket in this matter. Having considered the

applicable factors, the court concludes that permitting the amendment will not cause undue delay or prejudice, nor is plaintiff's request futile or made in bad faith.

## II. ORDER

For the foregoing reasons, the court GRANTS plaintiff's Motion for Leave to File a First Amended Complaint. Plaintiff must file her amended complaint by February 1, 2013. The January 25, 2013 hearing on the motion is VACATED. The case management conference scheduled for January 25, 2013, will be held as scheduled.

Dated:  January 45. 2013

Ronald M. Whyte
United States District Court Judge