UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABIGAYIL TAMARA,<br><br>    Plaintiff,<br><br>v.<br><br>EL CAMINO HOSPITAL; DAVID DIGANT; and DOES 1-20, Inclusive,<br><br>    Defendants. | Case No. C-12-01032-RMW<br><br>**ORDER GRANTING MOTION TO FILE SECOND AMENDED COMPLAINT**<br><br>[Re: Docket No. 56] |

On December 2, 2013, plaintiff Abigayil Tamara filed a motion requesting leave to file a Second Amended Complaint (SAC) to add additional factual allegations regarding physical barriers to access. Dkt. No. 56 ("Pl.'s Br."). Defendants filed an opposition to plaintiff's request. Dkt. No. 58 ("Def's Ans."). Having considered all materials submitted, plaintiff's motion is GRANTED.

## I.    DISCUSSION

**A.    Legal Standard**

Under Rule 15 of the Federal Rules of Civil Procedure, once an answer has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party. *See*

Fed.R.Civ.P. 15(a). A court "should freely give leave [to amend] when justice so requires." *Id.* The United States Supreme Court has stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted). Absent prejudice or a strong showing under one of the other *Foman* factors, "there exists a presumption under rule 15(a) in favor of granting leave to amend." *Id.*

**B.   Analysis**

Plaintiff, a person with disability, alleged in her original complaint that defendants unlawfully prohibited her service dog from entry into the psychiatric ward of the hospital. Dkt. No. 1. On January 23, 2013, with leave of the court, the plaintiff filed a First Amended Complaint (FAC) which added allegations of physical barriers to access to patient rooms. Dkt. No. 23.

After filing the FAC, the plaintiff conducted a site inspection on August 22, 2013. Dkt. No. 57 (McGuinness Decl.) ¶ 2. On September 12, 2013, plaintiff informed the defendant of additional alleged accessibility barriers uncovered during the inspection. McGuinness Decl. ¶ 3. Because the defendant refused to stipulate to amending the FAC to list each alleged barrier to access uncovered, plaintiff filed a motion for leave to amend. Pl's Br. at 3. Plaintiff argues that this amendment is necessary under *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011), which held that, "for purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself." The defendants filed an opposition to plaintiff's motion on December 18, 2013. Def's Ans. The defendants do not address *Oliver*, but instead argue that because some of the alleged barriers are not related to the issue of service animal access (for example, the lack of tactile signs in various

1 areas, and wheelchair-related access issues, Dkt. No. 57-1 (SAC) at ¶19), the plaintiff lacks
2 standing to raise these issues and therefore amendment would be futile. Def.'s Ans. at 2-3.
3      An amendment is futile "only if no set of facts can be proved under the amendment to the
4 pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton,*
5 *Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Defendants make no attempt to argue that the SAC is
6 futile under this standard. Defendants may raise their standing arguments at the appropriate time.
7 Having considered the applicable factors identified in *Foman*, the court concludes that permitting
8 the amendment will not cause undue delay or prejudice, nor is plaintiff's request futile or made in
9 bad faith.

10            **II.   ORDER**

11      For the foregoing reasons, the court GRANTS plaintiff's Motion for Leave to File a
12 Second Amended Complaint. Plaintiff's Proposed Second Amended Complaint, Dkt. No. 57-1,
13 may be filed. Defendants shall respond by February 7, 2014.

16 Dated: January 10, 2014         */s/ Ronald M. Whyte*
                                             Ronald M. Whyte
17                                              United States District Court Judge