1  PAUL L. REIN, Esq. (SBN 43053)
   CELIA MCGUINNESS, Esq. (SBN 159420)
2  CATHERINE M. CABALO, Esq. (SBN 248198)
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Drive, Suite A
   Oakland, CA  94612
4  Telephone:  510/832-5001
   Facsimile:   510/832-4787
5  reinlawoffice@aol.com

6  Attorneys for Plaintiffs
   ABIGAYIL TAMARA
7

8              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
9

10  ABIGAYIL TAMARA,                CASE NO. C12-01032 RMW
                                    <u>Civil Rights</u>
11       Plaintiff,
                                    [PROPOSED] SECOND AMENDED
12  v.                              COMPLAINT FOR INJUNCTIVE RELIEF
                                    AND DAMAGES
13
                                    FOR DENIAL OF CIVIL RIGHTS AND
14  EL CAMINO HOSPITAL;             ACCESS TO PUBLIC FACILITIES TO
    DIGANT DAVE; and DOES 1-        PHYSICALLY DISABLED PERSONS
15  20, Inclusive,                  UNDER THE AMERICANS WITH
                                    DISABILITIES ACT OF 1990 AND
16       Defendants.                PENDANT STATE LAW CLAIMS

17  _____ /      <u>DEMAND FOR JURY TRIAL</u>

18

19       Plaintiff ABIGAYIL TAMARA complains of defendants EL CAMINO

20  HOSPITAL; DIGANT DAVE; and DOES 1-20, inclusive, and alleges as

21  follows:

22  **INTRODUCTION**

23       1.    This lawsuit seeks injunctive relief, restitution, damages and

24  attorney fees on behalf of a disabled woman whose hospital excluded her

25  certified service dog, in violation of the Americans With Disabilities Act

26  ("ADA") and of multiple California civil rights laws.

27       2.    Plaintiff Abigayil Tamara is a physically disabled person.  She has a

28  trained and certified service dog, Inglis, who accompanies her everywhere.  She

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

<u>SECOND AMENDED</u> COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW
-1- S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

1   requires his service for balance and mobility.  Defendants EL CAMINO

2   HOSPITAL; DIGANT DAVE; and DOES 1-20, inclusive, own and operate the

3   El Camino Hospital ("Hospital"), a public accommodation located at 2500 Grant

4   Road, in Mountain View, California; and/or personally denied access to

5   plaintiff's legally protected service dog.

6       3.   On or about December 24, 2011, plaintiff went to the El Camino

7   Hospital for medical services, initially being treated in the emergency room.

8   Plaintiff's doctor, who controlled plaintiff's medication and wanted to observe

9   and treat plaintiff, instructed defendants' hospital staff to admit plaintiff to the

10   psychiatric hospital ward, where the doctor practiced medicine.  Defendants'

11   agents and/or employees admitted plaintiff, but refused to allow her service dog

12   to accompany her.  They denied plaintiff use of her service dog during the 13

13   days plaintiff was hospitalized: approximately four days in the psychiatric ward

14   and an additional nine days in the medical ward.  Defendants willfully and with

15   full understanding of its discriminatory impact excluded plaintiff's service dog

16   from the Hospital and thereby discriminated against plaintiff based on plaintiff's

17   physical disability.  Defendants took their actions despite actual knowledge that

18   Civil Code § 54.2(a) guaranteed that: "Every individual with a disability has the

19   right to be accompanied by a guide dog, signal dog or service dog, especially

20   trained for the purpose, in any of the places specified in § 54.1, which includes

21   all "places of public accommodation, . . . and other places to which the public is

22   invited. . . ."  Moreover, having deprived her of her service dog, they placed her

23   in hospital rooms that violated federal and state disabled access requirements,

24   compounding the denial of full and equal access to their facilities.

25       4.   This Complaint is brought as the result of defendants' intentional

26   violation of the anti-discrimination provisions of the Americans With Disabilities

27   Act , the California Unruh Act, the Disabled Persons Act, and the California

28   Penal Code.  Their policies and practices also comprise unfair competition under

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

SECOND AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW

-2-   S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

1    the Unfair Competition Law.  As a result of defendants' illegal acts, plaintiff

2    suffered denial of her civil rights and economic harm, and suffered physical,

3    mental and emotional damages.  She seeks an injunction to enjoin these

4    defendants and this business establishment (1) to end their discriminatory

5    policies and practices and (2) to offer accessible patient rooms, so that plaintiff

6    Abigayil Tamara will not again face such discrimination on foreseeable future

7    visits to and/or hospitalization at defendants' hospital.

8

9    **JURISDICTION AND VENUE**

10           5.      This Court has jurisdiction of this action pursuant to 28 USC § 1331

11   for violations of the Americans With Disabilities Act , 42 USC §§ 12101 *et seq*.

12   Pursuant to supplemental jurisdiction, attendant and related causes of action,

13   arising from the same facts, are also brought under California law, including but

14   not limited to violations of California Civil Code §§ 51, 52, 54, 54.1, 54.2, and

15   54.3.

16           6.      Venue is proper in this Court pursuant to 28 USC § 1391(b) and is

17   founded on the fact that the real property that is the subject of this action is

18   located in this District and that plaintiff's causes of action arose in this District.

19

20   **PARTIES**

21           7.      Defendants EL CAMINO HOSPITAL; DIGANT DAVE; and DOES

22   1-20, inclusive, are the owners, operators, lessors, and/or lessees, employees and

23   contractors of the El Camino Hospital, a hospital and medical facility located at

24   2500 Grant Road, Mountain View, California.  The Hospital, maintained and

25   operated by defendants, is a "business establishment" and "public

26   accommodation or facility" subject to the requirements of  California Civil Code

27   §§ 51, 52, 54.1 and 54.2 *et seq*.

28           8.      Plaintiff Abigayil Tamara is a "person with a disability" or

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

SECOND AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW

-3-  S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

1   "physically disabled person" under federal and state law  As a person with a

2   disability, she is specifically authorized by the Americans With Disabilities Act

3   and California law to be accompanied into any public accommodation by a

4   service dog.  California Civil Code § 54.1 states, in part:

5       (a)(1) Individuals with disabilities shall be entitled to full and equal
        access, as other members of the general public, to accommodations,
6       advantages, facilities, medical facilities, including hospitals, clinics,
        and physicians' offices, . . . (whether private, public, franchised,
7       licensed, contracted, or otherwise provided), . . . hotels, lodging
        places, places of public accommodation, amusement, or resort, and
8       other places to which the general public is invited, subject only to
        the conditions and limitations established by law, or state or federal
9       regulation, and applicable alike to all persons.

10  Further, California Civil Code § 54.2(a) specifies that: "Every individual with a

11  disability has the right to be accompanied by a guide dog, signal dog or service

12  dog, especially trained for the purpose in any of the places specified in § 54.1."

13  Plaintiff's service dog, "Inglis," was specially trained by Canine Partners for Life

14  for the purpose of assisting plaintiff with maintaining balance, fetching dropped

15  items, and other problems associated with plaintiff's disabilities.  At all times

16  mentioned herein, Inglis was clearly identified as a service dog, had a specially

17  constructed rigid "handle" attached to his harness, and had large signs on both

18  sides of his harness stating:

19                      Do Not Pet
                        or Distract
20                  Working Service Dog
                   Canine Partners for Life
21                   Cochranville, PA

22  (See **Exhibit 2**.)   Inglis also had a large circular sign on his back warning:

23  "PLEASE DON'T PET ME - I'M WORKING."  See photos, **Exhibit 3**.

24  Attached to the circular sign was a two sided, laminated card (see photo, **Exhibit**

25  **4**), which on one side identified Ms. Tamara and her black Labrador service dog,

26  Inglis, as a certified service dog team, with a photograph of plaintiff and Inglis

27  together, and provided contact information for Canine Partners for Life.  On the

28  other side of the laminated information card was information identifying Inglis as

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

SECOND AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW
-4-   S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

1    a "Certified Service Dog," and stating:

2        This card is evidence of Certification, by Canine Partners for Life,
         that this dog is a SERVICE DOG under the Americans with
3        Disabilities Act and has been duly trained for the purpose of aiding a
         person with a disability in areas listed, but not limited to the Code of
4        Federal Regulations 36.104 and 36.30 with all rights and privileges
         set forth therein.
5        **It is a federal offense to deny the right of access to a public
         facility to a Service Dog and/or person using a Service Dog.**
6

7    This side of the card is signed by the Executive Director of Canine Partners for

8    Life, and indicates an expiration date of July 31, 2013.

9        9.    Plaintiff is informed and believes that defendants and each of them

10   are and were the owners and/or operators of the subject hospital and/or

11   personally participated in the pattern and practice of discrimination and exclusion

12   of plaintiff's service dog, and continue to threaten exclusion of plaintiff's service

13   dog whenever plaintiff needs to return to this hospital, which is reasonably

14   foreseeable in the future.  (Hereinafter, a reference to "the Hospital" or

15   "defendants" will be a reference to all defendants.)  Plaintiff is informed and

16   believes that each of the defendants herein is the employer, agent, ostensible

17   agent, alter ego, master, servant, trustor, trustee, employer, employee,

18   representative, franchiser, franchisee, lessor, lessee, joint venturer, parent,

19   subsidiary, affiliate, related entity, partner, and/or associate, or such similar

20   capacity, of each of the other defendants, and was at all times acting and

21   performing, or failing to act or perform, within the course and scope of such

22   similar aforementioned capacities, and with the authorization, consent,

23   permission or ratification of each of the other defendants, and is personally

24   responsible in some manner for the acts and omissions of the other defendants in

25   proximately causing the violations and damages complained of herein, and have

26   participated, directed, and have ostensibly and/or directly approved or ratified

27   each of the acts or omissions of each other defendant, as herein described.

28   Plaintiff will seek leave to amend this complaint when the true names, capacities,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

SECOND AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW

-5-  S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

1   connections, and responsibilities of defendants EL CAMINO HOSPITAL;

2   DIGANT DAVE; and DOES 1-20, inclusive, are ascertained.

3

4   **STATEMENT OF FACTS**

5        10.    Plaintiff Abigayil Tamara is a physically disabled person due to

6   back surgeries and osteoporosis.  She has mobility disabilities, difficulty walking

7   and keeping her balance without falling down which also makes her more

8   vulnerable to breaking bones should she fall.  Without the assistance of her

9   service dog, Inglis, she cannot safely walk without use of a walker or other

10  mobility assistive device, and cannot pick things up off the floor or low furniture

11  without substantial danger of falling and suffering serious injury.  Inglis was

12  specially trained to assist plaintiff as a disabled during three weeks of

13  individualized training with plaintiff by Canine Partners for Life, in Oregon, in

14  addition to many months of prior general training.  Inglis is outfitted with a

15  special harness topped with a rigid handle that allows plaintiff to lean her weight

16  on Inglis and walk with him without falling down.  (See photo, **Exhibit 1**.)  In

17  addition to assisting with plaintiff's balance, Inglis picks up items off the floor,

18  retrieves needed items, helps plaintiff to get on her feet from a prone position or

19  if she should fall to the ground, and helps plaintiff to dress and to open doors

20  when needed.  At all times Inglis is under plaintiff's full control and conducts

21  himself in a manner that does not interfere with any person or cause anyone to

22  complain.  The United States Department of Justice specifically used hospital

23  facilities as an example of where service animals must be allowed:

24        **Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must**

25        **allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to**

26        **go.**  For example, in a hospital it would be inappropriate to exclude a service animal from areas such as patient rooms, clinics, cafeterias,

27        or examination rooms.  However, it may be appropriate to exclude a service animal from operating rooms or burn units where the

28        animal's presence may compromise a sterile environment.

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

SECOND AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW

-6-   S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

1   ADA 2010 Revised Requirements, p.2.  Emphasis in original; copy attached as

2   **Exhibit 5**.

3   　　　　11.　　On or about December 24, 2011, plaintiff Abigayil Tamara went to

4   the El Camino Hospital accompanied by her service dog, Inglis. At that time,

5   when plaintiff was admitted to the Hospital and psychiatric ward, Does 1-3,

6   acting on behalf of El Camino Hospital and all other defendants, told plaintiff

7   that she would not be allowed to have her service dog accompany her.  Although

8   plaintiff repeatedly explained that Inglis was a specially trained service dog, and

9   showed all of the Hospital personnel involved the information on the laminated

10   cards (**Exhibit 4**) attached to Inglis' harness, Does 1 and 2 told plaintiff that

11   "Service dogs are not allowed in the hospital."  When plaintiff continued to

12   explain that she had a legal right to be accompanied by and assisted by her

13   service dog, she was told by Does 1 and 2 that, "Somebody was once bitten by a

14   dog, so we don't allow *any* dogs."  Because plaintiff required hospitalization at

15   the insistence of her doctor for problems apparently caused by her medications,

16   she was forced to allow a friend to remove her service dog from the Hospital in

17   order for plaintiff to be allowed to be admitted.  Plaintiff was hospitalized for

18   approximately four days in the psychiatric ward, and then, on information and

19   belief, for nine additional days on a general medical ward in the Hospital, and

20   was deprived of Inglis' services to her during this entire time.

21   　　　　12.　　On or about December 25, 2011, the day after her admittance to the

22   Hospital, plaintiff complained to a staff psychiatrist, on information and belief, a

23   "Doctor Dhami," that she needed her service dog for assistance.  Dr. Dhami told

24   plaintiff that she would write an order or prescription to allow plaintiff to have

25   the assistance of her service dog.  However, the next day, on or about

26   December 26, 2011, Dr. Dhami apologized to plaintiff and told plaintiff that,

27   despite making a written order authorizing plaintiff's need for Inglis during her

28   hospitalization, the doctor had been "overruled" by the "higher-ups" (on

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

SECOND AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW

-7-   S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

1    information and belief, Does 5-10, the Hospital administrators), and that plaintiff

2    would <u>not</u> be allowed to have Inglis accompany her for the duration of her

3    hospitalization.

4        13.    Employees and agents of the Hospital told plaintiff they might

5    permit her dog in the hospital if she provided proof he tested negative for MRSA,

6    a staphylococcus bacterium.  It is illegal under federal or state law to require

7    testing of a service animal as a condition of entry.  Nevertheless at their request

8    plaintiff arranged to have Inglis tested at a cost of $133 to her.  The test came

9    back negative.

10       14.    On approximately the third day of her hospitalization, on or about

11   December 26, 2011, plaintiff asked Doe 4 to allow her to speak to the head of the

12   Psychiatric Department, who was described as the "Inpatient Clinical Manager."

13   This person, on information and belief defendant Digant Dave, came to see

14   plaintiff in her patient room the next day.  Plaintiff told defendant Dave and, on

15   information and belief, Doe 5, "It is illegal to deny me access to my service dog,

16   and it is a crime under California law."  In reply, defendant Dave, on information

17   and belief acting on behalf of all defendants, repeatedly responded to plaintiff,

18   stating at least twice, "I'll be glad to <u>transfer you to some other hospital</u> which

19   allows service dogs."   He offered no other alternative.  Plaintiff, who had been

20   hospitalized at El Camino Hospital several times before she had acquired Inglis,

21   told defendant Dave, "I want to stay here.  This is my hospital of choice."

22   However, defendants repeatedly told her that her only option was to be

23   transferred "to another hospital which allows service dogs."  When plaintiff told

24   defendant Dave she intended to fight for her rights in court, he replied, "That

25   would be a learning process for us!"  These comments illustrate the insensitive

26   and disdainful nature of defendants' response to plaintiff's complaints about

27   disability discrimination, and are relevant to plaintiff's claim for treble damages.

28       15.    Plaintiff reluctantly left Inglis behind, but suffered severe difficulty,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

<u>SECOND AMENDED</u> COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW                    -8-   S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

1  discomfort, and embarrassment as a result, as well as frustration, fear, and

2  anxiety, all to her damages.  She suffered physical, mental and emotional

3  damages at having to stay in the Hospital for approximately 13 days without her

4  service dog, Inglis, on whom she depended for her physical safety, balance,

5  guidance, and retrieval of objects, thereby putting plaintiff in danger of falling

6  each time she attempted to walk while she was hospitalized.  On information and

7  belief this exclusion continued not only during the approximately four days

8  plaintiff was treated under the care and direction of her psychiatrist in the

9  psychiatry ward, but for another nine days during which plaintiff had been

10  transferred to a medical treatment ward.  Defendants never made any

11  individualized assessment of Inglis or offered any evidence that Inglis posed a

12  direct threat to health or safety, and defendants had no legal basis to exclude

13  Inglis from the Hospital.

14      16.    When the hospital deprived her of her service dog it deemed her at

15  risk for falling and required her to use a walker.  However, either the hospital

16  does not have disabled-accessible hospital rooms or they neglected to assign

17  plaintiff to such a room.  On information and belief, none of the four rooms she

18  stayed in met the code requirements for use by people with physical disabilities.

19  Each of them presented architectural barriers to access, including but not limited

20  to narrow doorways, blocked and narrow paths of travel, and restrooms which

21  were too small to negotiate with a walker.  As a result of these barriers to access

22  plaintiff experienced difficulty, discomfort and embarrassment.  For example, in

23  the psychiatric ward she had to enter the bathroom sideways and was

24  embarrassed that the room configuration required her roommates to squeeze by

25  her walker when they wanted to use the restroom. In the two rooms on the

26  general medical ward she asked for a commode in order to avoid the discomfort

27  and embarrassment of trying to use the bathroom, but then was subject to the

28  embarrassment of toileting in an open room, without any privacy.

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

SECOND AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW                -9-   S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

17.     The hospital charged plaintiff for its services and plaintiff paid those charges.

18.     Plaintiff reasonably believes, because of her medical history, that it is probable that she will have further medical problems which will require visits to and/or hospitalization at El Camino Hospital.  She has brought this lawsuit to force defendants to change their discriminatory and illegal policies, and to compensate her for the 13 days she was deprived of the assistance of her service dog and required to use inaccessible hospital facilities.  Plaintiff seeks an injunction to protect the rights of disabled persons, including plaintiff, under federal and state law to be accompanied by a qualified service dog, and to be provided with accessible hospital rooms; and seeks an award of statutory damages, compensatory damages, and treble damages, and an award of statutory attorney fees, litigation expenses and costs.

19.     **NOTICE:**  Pursuant to F.R.C.P. Rule 8, plaintiff identifies as discriminatory under the ADA and California law the following barriers to disabled access at the subject premises.  *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011):

**Behavioral Health Unit/Psychiatric Acute Care Unit (PACU)**

    a.     <u>The patient room designated by the hospital as accessible to people with mobility disabilities:</u>

        i.     Lacks tactile room identification signs.

        ii.    The door swing to the bathroom is obstructed by the placement of the bed.

        iii.   The desk has insufficient knee clearance and width.

        iv.    The bathroom entry door hardware is recessed and requires tight grasping and pulling to operate.

        v.     The toilet does not have sufficient clear space around it.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

<u>SECOND AMENDED</u> COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW

-10-

S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

vi.     The Lavatory is mounted improperly in relation to the adjacent wall.

vii.    The shroud under the lavatory blocks the required knee space.

viii.   The toilet flush valve is not located on the wide side of the toilet.

ix.     The flush valve is mounted too high above the finished floor (hereafter "AFF").

x.      The grab bar behind the toilet is not continuous.

xi.     The towel dispenser is mounted too high AFF.

xii.    The roll-in shower does not have correct dimensions.

xiii.   The shower controls are not mounted adjacent to the seat.

xiv.    The shower diverter valve is mounted too high AFF.

xv.     The soap dispenser is mounted too high AFF.

xvi.    The folding seat is mounted too high AFF.

b.  <u>Room 117, similar to the room plaintiff was assigned to during her hospitalization at the PACU</u>:

i.      No tactile room identification sign is provided.

ii.     The entry door has no latch side clearance on the pull side.

iii.    The light switch in the room is mounted too high AFF.

iv.     The clear width of the bathroom entry door is too narrow.

v.      The landing on the pull side of the entry door is too small due to the placement of the bed.

vi.     The bathroom entry door hardware is recessed and requires tight grasping and pulling to operate.

vii.    The bathroom has no grab bars or accessibility features.

viii.   The shower has a curb and no accessibility features.

c.  <u>Therapy Room, 112</u>:

i.      No tactile room identification sign is provided.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

<u>SECOND AMENDED</u> COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW

-11-

S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

1        ii.     No tables meet the standards for wheelchair seating.

2    d.   <u>Room 108</u> (Observation Room):

3        i.      No tactile room identification sign is provided.

4        ii.     The entry door has no strike side clearance on the pull side.

5        iii.    The entry door landing on the pull side is too short, obstructed

6                by the fixed bed.

7        iv.     The bathroom has no grab bars or other accessibility features.

8    e.   <u>Patient Telephones</u>:

9        i.      The telephones are mounted too high AFF.

10       ii.     The adjacent hand sanitizer is out of reach range.

11

12   **Behavioral Health Unit/Psychiatric Intensive Care Unit (PICU)**:

13   f.   There is no designated accessible patient room on this side of the

14       ward.

15   g.   <u>Patient Room 107</u>, which defendant has identified as having a

16       typical configuration for the rooms in the PICU, has the following

17       barriers:

18       i.      No tactile room identification sign is provided.

19       ii.     The desk has too little knee clearance and width.

20       iii.    The clear width of the bathroom entry door is too narrow.

21       iv.     The bathroom has no grab bars or accessibility features.

22       v.      The shower has a curb and no accessibility features.

23   h.   <u>Observation Room</u>: The room itself does not have barriers.  The

24       bathroom connected to it has the following barriers:

25       i.      No tactile room identification sign is provided.

26       ii.     The toilet has no grab bars.

27       iii.    The clear floor space in front of the toilet is too small.

28       iv.     The toilet is mounted improperly in relation to the adjacent

LAW OFFICES OF
**PAUL L. REIN**
**200** L AKESIDE DR ., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

<u>SECOND AMENDED</u> COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW
-12-
S:/CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

1    wall.

2    v.    The toilet flush valve is located on the narrow side.

3    vi.   The toilet flush valve is mounted too high AFF.

4    vii.  The lavatory has no knee clearance.

5    viii. The lavatory has hardware which requires tight grasping and

6         twisting.

7    ix.   The towel dispenser is mounted too high AFF.

8    x.    The soap dispenser is mounted too high AFF.

9    xi.   The mirror is mounted too high AFF.

10   xii.  The shower has a 1" high raised curb, beveled at both sides.

11   xiii. The shower size does not meet ADAAG standards and no

12        grab bars, handheld shower or folding seat are provided.

13   xiv.  The shower floor slopes at 5%.

14   i.    Patient Telephones:

15   i.    The telephones are mounted too high AFF.

16   ii.   The clear space in front of the telephones is blocked by chairs.

17   j.    Kitchen:

18   i.    The three tables have too little knee clearance.

19   ii.   The kitchen counter is too high AFF.

20   iii.  The sink has no knee space underneath.

21   iv.   The microwave oven and controls are mounted too high AFF.

22

23   **Behavioral Health Unit/PACU-PICU Common Areas:**

24   k.    Service Counter:

25   i.    The service counter is too high AFF and no lowered section is

26        provided.

27   ii.   The access gate has a folding stop at the base which obstructs

28        the required solid door bottom.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

SECOND AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW

-13-   S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

l.   Exterior Patio:

  i.  The opening/closing force of the set of double doors from the lobby is too heavy.

  ii.  One of the lobby doors has a closing speed greater than allowed by the standards.

  iii.  The opening/closing force of the door from the kitchen is too heavy.

  iv.  The exterior door landings slope too steeply.

  v.  The tables do not provide minimum knee clearance.

m.   Kitchen:

  i.  The counter height is too high AFF.

  ii.  The sink has no knee space underneath.

  iii.  The microwave oven and controls are too high AFF.

  iv.  The paper towel dispenser is too high AFF.

  v.  The tables have insufficient knee clearance.

  vi.  The computer table has insufficient knee clearance.

**Medical Ward 2C**

n.   Patient Room 2319, which is similar to the room to which plaintiff was assigned:

  i.  No insulation is provided under the lavatory located in the room.

  ii.  The towel dispenser near the lavatory is too high AFF.

o.   The bathroom in room 2319:

  i.  The clear space in front of the toilet is inadequate.

  ii.  The side grab bar does not extend far enough from the rear wall

  iii.  The lavatory is improperly mounted in relation to the adjacent

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

SECOND AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW

-14-
S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

1    wall.

2        iv.   The lavatory has no underside insulation.

3        v.   The lavatory does not provide sufficient knee space.

4        vi.   The soap dispenser is too high AFF.

5        vii.   The towel dispenser is too high AFF.

6        viii.   The clothing hook is too high AFF.

7    p.   The patient rooms designated by the hospital as accessible to people

8       with mobility disabilities:

9        i.   No insulation is provided under the lavatory located in the

10       room.

11        ii.   The towel dispenser near the lavatory is too high AFF.

12        iii.   The bathroom door landing is too small.

13        iv.   The clear space in front of the toilet is too small.

14        v.   The side grab bar does not extend far enough from the rear

15       wall.

16        vi.   The plumbing riser obstructs the rear grab bar at the toilet.

17        vii.   The toilet paper dispenser is not properly mounted.

18        viii.   The clothing hook on the door is too high AFF.

19        ix.   The clothing hook by the sink is too high AFF.

20        x.   The towel dispenser is too high AFF.

21        xi.   The soap dispenser is too high AFF.

22        xii.   The shower size does not meet dimension requirements.

23        xiii.   The shower diverter valve is too high AFF.

24    q.   Patient Room 2334 (Double Room):

25        i.   No insulation is provided under the lavatory located in the

26       room.

27        ii.   The towel dispenser near the lavatory is too high AFF.

28        iii.   The soap dispenser is too high AFF.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

SECOND AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW

-15-    S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

1    iv.   Chairs in the room obstruct the accessible route to the

2          bathroom.

3    v.    When the curtains are drawn around the bed, the clear space is

4          insufficient for someone using a walker or other mobility

5          device to maneuver without getting caught up.

6    r.    <u>Bathroom in Patient Room 2334</u>:

7    i.    The clear space in front of the toilet is too small.

8    ii.   The side grab bar is split and does not extend far enough from

9          the rear wall.

10   iii.  The lavatory is improperly mounted in relation to the adjacent

11         wall.

12   iv.   The lavatory has no hot water pipe insulation.

13   v.    The lavatory knee space insufficient.

14   vi.   The soap dispenser is too high AFF.

15   vii.  The towel dispenser is too high AFF.

16   viii. The clothing hook on the door is too high AFF.

17   ix.   The clothing hook by the sink is too high AFF.

18   x.    The shower diverter valve is too high AFF.

19   xi.   The hand-held shower is mounted too high AFF.

20   s.    <u>Family Room</u>:

21   i.    The force to open the entry door is too heavy.

22   ii.   The door landing is obstructed due to the placement of a table.

23   iii.  No wheelchair accessible seating is provided at the two tables.

24   iv.   Access to the built-in computer counter is blocked.

25   t.    <u>Patient Room 2315</u>:

26   i.    No insulation is provided under the lavatory located in the

27         room.

28   ii.   The towel dispenser near the lavatory is too high AFF.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

<u>SECOND AMENDED</u> COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW

-16-  S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

u.   <u>Bathroom in Patient Room 2315:</u>

    i.    The clear space in front of the toilet is insufficient.

    ii.    The side grab bar does not extend far enough from the rear wall.

    iii.    The toilet is mounted too far from the adjacent wall.

    iv.    The lavatory is improperly mounted in relation to the adjacent wall.

    v.    The lavatory has no underside insulation.

    vi.    The soap dispenser is too high AFF.

    vii.    The towel dispenser is too high AFF.

    viii.    The shower diverter valve is too high AFF.

    ix.    The hand-held shower is too high AFF.

    x.    The clothing hook on the door is too high AFF.

    xi.    The clothing hook by the sink is too high AFF.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**(42 USC §§ 12101 et seq.)**

20.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 18 of this Complaint.

21.   In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals"; and that "the continuing

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

existence of unfair and unnecessary discrimination and prejudice denies people

with disabilities the opportunity to compete on an equal basis and to pursue those

opportunities for which our free society is justifiably famous. . ..”  On

information and belief the number of Americans entitled to protection by the

ADA in 2006 is in excess of 50 million persons.

22.     Congress stated as its purpose in passing the Americans With

Disabilities Act (42 USC § 12101(b)):

It is the purpose of this chapter

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

[Emphasis added.]

23.     The Americans With Disabilities Act prohibits discrimination by

“public accommodations” including “professional office of a health care

provider, hospital, or other service establishment.” (42 USC §12181(7)(F)).

24.     Pursuant to 42 USC § 12182, Title III, § 302, “No individual shall

be discriminated against on the basis of disability in the full and equal enjoyment

of the goods, services, facilities, privileges, advantages, or accommodations of

any place of public accommodation by any person who owns, leases, or leases to,

or operates a place of public accommodation.”

25.     Among the specific prohibitions against discrimination were

included:

a.      § 302(b)(2)(A)(ii): “failure to make reasonable modifications in

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

SECOND AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW

-18-

S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities. . ..

26.    On information and belief, as of the date of plaintiff's hospitalization commencing on or about December 24, 2011, and thereafter, and as of the date of the filing of this Complaint, defendants continue to deny full and equal access to plaintiff and to discriminate against plaintiff on the basis of her disabilities, thus wrongfully denying to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of defendants' premises, in violation of Title III, § 302 of the ADA, 42 USC § 12182, and pursuant to federal regulations including but not limited to 28 CFR 36.104 and 36.301.

27.    Pursuant to the Americans With Disabilities Act  (42 USC § 12188ff), plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964 (42 USC § 2000(a)-3(a)), as plaintiff is being subjected to discrimination on the basis of her disability in violation of this title.  On information and belief, defendants have continued to violate the law and deny the rights of plaintiff and of other disabled persons to access this public accommodation since on or before December 24, 2011.  Plaintiff also seeks a specific prohibition against defendants maintaining or enforcing their discriminatory policy toward disabled persons who are accompanied by service dogs, as above described.

28.    Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC § 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans With Disabilities Act . Plaintiff is a qualified "person with a disability" for purposes of section 308(a) of the ADA (42 USC § 12188) who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

SECOND AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW

-19-

S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

1    attempt to patronize the Hospital.  Plaintiff intends to return to this public

2    accommodation, but may not be able to do so until defendants cease their

3    discriminatory practices.

4

5                        **SECOND CAUSE OF ACTION:**
     **VIOLATION OF CIVIL RIGHTS ON THE BASIS OF DISABILITY**

6                               **(Unruh Act)**

7         29.    Plaintiff repleads and incorporates by reference, as if fully set forth

8    again herein, the allegations contained in Paragraphs 1 through 27 of this

9    Complaint.

10        30.    At all times herein mentioned, the Unruh Civil Rights Act,

11   California Civil Code §51(b), provided that:

12            All persons within the jurisdiction of this state are free and equal,
             and no matter what their sex, race, color, religion, ancestry, national

13           origin, disability, or medical condition are entitled to the full and
             equal accommodations, advantages, facilities, privileges, or services

14           in all business establishments of every kind whatsoever.

15   Per §51(f):

16            A violation of the right of any individual under the Americans With
             Disabilities Act of 1990 (Public Law 101-336) shall also constitute a

17           violation of this section.

18        31.    Defendants' behavior was intentional with full knowledge that Ms.

19   Tamara relied on her service animal for mobility, balance and assistance in daily

20   living.  She presented them with a statement of the law, she complied with their

21   illegal and unreasonable requests for documentation and medical testing.  Her

22   doctor presented defendants with a medical order that her service animal be

23   permitted.  In the face of the medical necessity and legal obligation to permit

24   plaintiff's service animal, defendants deliberately and after mature consideration

25   violated the civil and criminal law with deliberate disregard for plaintiff's civil

26   rights.

27        32.    Plaintiff suffered damages as above described as a result of

28   defendants' violation of California Civil Code §§ 51(b) and 51(f).  Plaintiff seeks

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1   actual and treble damages but in no case less than four thousand dollars ($4,000)

2   statutory damages.  Civ.C. §52(a).  She also seeks attorney fees, litigation costs

3   and expenses. *Id.*

4       33.     The acts and omissions of defendants as complained of herein are

5   continuing on a day-by-day basis to have the effect of willfully and wrongfully

6   excluding plaintiff and any other members of the public who are similarly

7   disabled and/or who require the assistance of a service dog from full and equal

8   access to that public business establishment and public accommodation known as

9   the El Camino Hospital.  On information and belief the actions of defendants

10  excluding plaintiff's service dog from this hospital are an expression of the

11  policy of defendants.  Such acts and omissions are the cause of fear, intimidation,

12  humiliation and mental and emotional suffering of plaintiff in that these actions

13  continue to treat plaintiff as an inferior and second class citizen and serve to

14  discriminate against her on the sole basis that she is a person with a disability.

15  Plaintiff wishes to return to and patronize this public accommodation.  She may,

16  at any time, and without prior warning, experience medical conditions requiring

17  her to return for treatment at the El Camino Hospital psychiatric ward and/or

18  other facilities at this Hospital which may similarly exclude service dogs.

19  However, plaintiff is unable, so long as such acts and omissions of defendants

20  continue, to achieve equal access to and use of this business establishment and

21  public accommodation, and is intimidated and deterred from using this Hospital's

22  services.  The acts of defendants have proximately caused and will continue to

23  cause irreparable injury to plaintiff if not enjoined by this Court.  Civ.C. § 52.

24

25                    **THIRD CAUSE OF ACTION:**
26  **DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES**
                    **(California Disabled Persons Act)**

27      34.     Plaintiff repleads and incorporates by reference, as if fully set forth

28  again herein, the allegations contained in Paragraphs 1 through 32 of this

SECOND AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW

S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

1  Complaint.

2      35.     California Civil Code § 54 grants to disabled persons "the full and

3  free use of the . . . public buildings, medical facilities, including hospitals,

4  clinics, and physicians' offices, public facilities, and other public places."

5      36.     Civil Code § 54.1(a)(1) states, "Individuals with disabilities shall be

6  entitled to full and equal access. . . to accommodations, advantages, facilities,

7  medical facilities, including hospitals, clinics, and physicians' offices. . ."

8      37.     Civil Code § 54.2(a) specifically protects the right of "every

9  individual with a disability" "to be accompanied by a guide dog, signal dog, or

10  service dog, especially trained for the purpose, in any of the places specified in

11  Section 54.1."

12      38.     Civil Code § 54.3(b) makes liable for damages and attorney fees,

13  "Any person or persons, firm or corporation who denies or interferes with

14  admittance to or enjoyment of the public facilities as specified in Sections 54 and

15  54.1 or otherwise interferes with the rights of an individual with a disability

16  under Sections 54, 54.1 and 54.2."  This section also specifies that, "'Interfere,'

17  for purposes of this section, includes, but is not limited to, preventing or causing

18  the prevention of a guide dog, signal dog, or service dog from carrying out its

19  functions in assisting a disabled person."

20      39.     Due to defendants' decision to knowingly and willfully exclude

21  plaintiff's service dog from their public accommodation and thereby deny

22  plaintiff her right of  entrance into their place of business with her service dog,

23  and because she was denied use of hospital rooms modified for use by people

24  with disabilities, plaintiff has faced the continuing discrimination of being barred

25  from entering this public accommodation and place of business based upon

26  defendants' illegal prohibition of her legally protected use of her service dog.

27  Since the subject hospitalization commencing on December 24, 2011, plaintiff

28  has continued to suffer denial of access to this Hospital, and she faces the

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

SECOND AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW                                    -22-
S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

1   prospect of unpleasant and discriminatory treatment should she attempt to return

2   to this Hospital until she receives the protection of this Court's injunctive relief,

3   and has continued to suffer discrimination on a daily basis since the date of her

4   visit with her service dog, all to her damages.

5       40.    As a result of the denial of equal access to the facilities of

6   defendants' business, due to defendants' specifically discriminatory policy

7   excluding Inglis, her service dog, plaintiff Abigayil Tamara has suffered a

8   violation of her civil rights and suffered discomfort and injury, mental and

9   emotional shock, emotional distress, embarrassment and humiliation, and

10  statutory violations.  Defendants' actions and omissions, along with the

11  implementation of defendants' discriminatory policy of denying access to

12  disabled persons who are accompanied by any service dog, constitute

13  discrimination against plaintiff on the sole basis that she is a physically disabled

14  person, in violation of all subject laws, and have deterred plaintiff from the right

15  to use the Hospital's public facilities on a "full and equal" basis with the general

16  public.  The Hospital's management has ratified the actions and exclusions by

17  those persons who prohibited plaintiff's service dog from accompanying her.  In

18  addition, the Hospital knew she was at risk to fall, yet placed her in hospital

19  rooms that were not modified for use by people with physical disabilities, placing

20  her at further risk and causing her difficulty, discomfort and embarrassment.

21  Plaintiff seeks statutory damages and actual damages, treble damages, injunctive

22  relief, and reasonable attorney fees, litigation expenses and costs.

23      41.    Further, any violation of the Americans With Disabilities Act (as

24  pled in the First Cause of Action) also constitute a violation of Civil Code

25  §§ 54(c) and § 54.1(d), thus independently justifying an award of damages

26  pursuant to California law.

27      42.    As a result of defendants' acts and omissions in this regard, plaintiff

28  Abigayil Tamara has been required to incur legal expenses and attorney fees, as

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

provided by statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees and costs, pursuant to Civil Code section 54.3. Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to require the defendants to make their facilities accessible to other disabled members of the public who rely on qualified service dogs, and to cease the specific discriminatory policies against disabled persons who need the assistance of service dogs, thereby justifying public interest attorney fees and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5.

43.     On information and belief, plaintiff alleges that at all times relevant to this complaint defendants were aware and/or were made aware of their duties under the Americans With Disabilities Act  and California law to refrain from establishing discriminatory policies against physically disabled persons, prior to the filing of this complaint.  Defendants' establishment of their discriminatory policy to deny entry to persons with service dogs, and their implementation of such a discriminatory policy against plaintiff, as well as their specific illegal and discriminatory conduct commencing on or about December 24, 2011, subsequently ratified by defendants' managerial employees, and their failure to provide her with accessible hospital rooms, indicate actual and implied malice toward plaintiff and conduct carried out by defendants with a conscious disregard for the rights and safety of the disabled plaintiff, and justify an award of treble damages pursuant to California Civil Code § 54.3, in an amount sufficient to make an example of defendants, according to proof.

44.     Defendants' actions were knowingly illegal and in violation of the Penal Code.  At all times relevant to this action, California Penal Code section 365.5(b) stated:

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

SECOND AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW

-24-

S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

1
2
3
4
5

(b) No blind person, deaf person, or disabled person and his or her specially trained guide dog, signal dog, or service dog shall be denied admittance to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, . . . hotels, lodging places, places of public accommodation, amusement, or resort, and other places to which the general public is invited within this state because of that guide dog, signal dog, or service dog.

6   [Emphasis added.]

7   Defendants' commission of a Penal Code-prohibited crime, of which plaintiff

8   was the victim, and despite actual notice that it was a crime, is an additional basis

9   for imposition of treble damages.

10

11   **FOURTH CAUSE OF ACTION:**
**VIOLATION OF UNFAIR COMPETITION ACT, California Business and**
12   **Professions Code section 17200** *et seq.*

13   45.   Plaintiff repleads and incorporates by reference, as if fully set forth

14   again herein, the allegations contained in Paragraphs 1 through 43 of this

15   Complaint.

16   46.   Defendant El Camino Hospital is a not-for-profit corporation

17   organized under California law.  It is a business open to the public.  Defendant

18   Dave is a natural person, a registered nurse employed by defendant Hospital, and

19   supervisor on the inpatient psychiatric ward.

20   47.   Defendants, and each of them, have engaged and are engaged in

21   unfair competition, unfair or fraudulent business practices, and unfair, deceptive,

22   untrue or misleading advertising in violation of the Unfair Competition Act.

23   Bus. & Prof.C. § 17200 *et seq.*

24   48.   Defendants, and each of them, engage in business practices and

25   policies that create systemic barriers to equal access for people with mobility

26   disabilities.  Their business practice is to create and maintain a public

27   accommodation that contains physical barriers to access in violation of state and

28   federal law, and to create and maintain policies that deprive consumers with

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

<u>SECOND AMENDED</u> COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW

-25-   S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

1  disabilities of equal access to the goods and services defendants offer.

2      49.    Defendants, and each of them, are in violation of the Americans with

3  Disabilities Act, California Civil Code sections 51, 52, 54, and 54.1, California

4  Government Code section 4450 *et seq*., California Health and Safety Code

5  section 19955 *et seq.,* and California Penal Code sections 365.5 and 365.6, as

6  well as regulations under California Building Code Title 24 and the American

7  with Disabilities Act Standards.  These federal and state statutory schemes are

8  intended to provide people with disabilities full and equal access to places of

9  public accommodation and businesses, including hospitals.  Full and equal

10  disabled access has been identified as a public policy of the highest order.

11      50.    Violations of those statues are unlawful. Violation of those statutes

12  also violate an established concept of fairness, are immoral, unethical, oppressive

13  and unscrupulous.

14      51.    The unfair business practices and policies were also fraudulent: El

15  Camino Hospital holds itself out as a state-of-the-art medical facility, welcome to

16  all and code-compliant.  It even has a written policy allowing service animals.  It

17  is likely to deceive consumers who are disabled into believing it offers full and

18  equal access, particularly because the laws requiring access have been in effect

19  for more than 40 years in California and more than 20 years in federal law.

20      52.    The unfair business practices and policies were unfair and injurious

21  to plaintiff, a consumer of defendants' goods and services.  She suffered injury in

22  fact and has lost money or property as a result of defendants' unfair business

23  practices and policies.  She took time and effort and spent money to travel to and

24  utilize the goods and services of the Hospital on the belief that it would be

25  accessible.  Yet she was given less access to the goods and services of the

26  Hospital than other consumers, although she paid the same price for them as

27  other consumers pay; e.g., she was deprived of the service animal that enables

28  her mobility, she could not use the facilities that are offered to all customers.  She

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

SECOND AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW

-26-
S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

1   had to draw unwanted attention to herself. She spent time, money, and energy

2   that would otherwise have been unnecessary had defendants not engaged in their

3   unfair practices and policies.

4       53.    Plaintiff seeks relief in the form of such orders as may be necessary

5   to prevent the continued use of defendants' unfair business practices and

6   policies, and restitution to restore to her any money that defendants acquired by

7   means of such unfair competition, including profits unfairly obtained to the

8   extent that these profits represent monies given to the defendants by plaintiff.

9       54.    Because enforcement of the panoply of equal access laws for people

10   with disabilities is a public policy of the highest order, plaintiff seeks

11   compensation for her attorney fees, litigation cost and expenses expended in

12   bringing this lawsuit. C.Civ. Proc. § 1021.5.

13

14                              **PRAYER**

15       1.     For injunctive relief ordering defendants to comply immediately

16   with federal and state law regarding service animals, and requiring them to

17   provide disabled-accessible patient rooms;

18       2.     For the Court to retain jurisdiction over the defendants until such

19   time as the Court is satisfied that defendants' unlawful policies, practices, acts

20   and omissions, and maintenance of inaccessible public facilities as complained of

21   herein no longer occur, and can not recur;

22       3.     For general, compensatory and statutory damages in an amount

23   within the jurisdiction of this Court;

24       4.     For treble damages;

25       5.     For restitution;

26       6.     For attorney fees and costs pursuant to the ADA, California Civil

27   Code §§ 52 and 54.3 and California Code of Civil Procedure § 1021.5;

28       7.     For all costs of suit;

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

SECOND AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW

-27-   S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd

1       8.    For pre-judgment interest pursuant to California Civil Code § 3291;

2       9.    For such other and further relief as the Court may deem just and

3   proper.

4

5   Dated:   December 2, 2013          LAW OFFICES OF PAUL L. REIN

6

7                                     /s/ Celia McGuinness

8                                   CELIA McGUINNESS
                                    Attorneys for Plaintiff

9                                   ABIGAYIL TAMARA

10

11   **DEMAND FOR JURY TRIAL**

12          Plaintiff hereby demands a jury for all claims for which a jury is

13   permitted.

14

15   Dated:   December 2, 2013          LAW OFFICES OF PAUL L. REIN

16

17                                     /s/ Celia McGuinness

18                                   CELIA McGUINNESS
                                    Attorneys for Plaintiff

19                                   ABIGAYIL TAMARA

20

21

22

23

24

25

26

27

28

<u>SECOND AMENDED</u> COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C12-01032 RMW

-28-   S:\CASES\EL CAMINO HOSPITAL\PLEADINGS\Complaints\Second Amended Complaint Final.wpd